IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 07-987-TUC-JMR (CRP) |
| ) | |
| vs. ) | |
| ) | REPORT & RECOMMENDATION |
| ) | |
| MARIO JARAMILLO-CARRASCO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On December 1, 2008, Chief Judge Roll entered an order that authorized Dr. Hamidi at CCA to continue the involuntary medication protocol initiated at FMC-Butner. That protocol was originally 150 mg Haldol Decanoate ("Haldol"), but was reduced to 100 mg Haldol administered monthly by intramuscular injection.

At a hearing on Monday, May 11, 2009, defense counsel complained that defendant appeared to have decompensated to a point where he was again no longer competent. At the hearing, when questioned by the Court, the defendant focused primarily on his delusions concerning being physically attacked by guards.

1    At a hearing on Thursday, May 14, 2009, Dr. Lucking from FMC-Butner opined that
2 increasing the dose to 150 mg per month would again restore competence. Dr. Lucking
3 conceded he has not seen Mr. Jaramillo-Carrasco since December 2008 and is no longer
4 directly responsible for his case.

5    The physician currently responsible for Mr. Jaramillo-Carrasco's care is Dr. Hamidi
6 at CCA. Dr. Hamidi has not observed psychotic symptoms in defendant, but agreed that
7 reports of delusional behavior observed by the Court and defense counsel would be evidence
8 of psychotic symptoms. Dr. Hamidi has observed side effects of the Haldol, particularly
9 involuntary movements of the mouth and some persistent scratching. Dr. Hamidi's concern
10 is that these side effects could become permanent.

11    Jaramillo-Carrasco is currently voluntarily compliant with taking an anti-depressant
12 and a drug administered to counteract the Haldol side effects. In Dr. Hamidi's medical
13 judgment, the involuntary administration of Haldol should be discontinued. Other anti-
14 psychotics could be tried on a voluntary basis. Defendant indicates he is willing to take the
15 medication.

16    Dr. Lucking disagrees. He asserts the risk of the side effects must be balanced with
17 the risk of danger to others without the medication.

18    The anti-psychotics being considered by Dr. Hamidi have similar efficacy to Haldol
19 but, in Dr. Hamidi's experience, they have reduced risks of the side effects Jaramillo-
20 Carrasco is currently experiencing. The issue of danger as a justification for continued
21 involuntary treatment can be revisited if Jaramillo-Carrasco refuses to voluntarily take the
22 medication, or if the new medication proves ineffective.

23    Based on the testimony of the treating physician at CCA, it is the Report and
24 Recommendation of this Court that:

25    1. The order authorizing involuntary medication dated December 1, 2008, be vacated.
26    2. Dr. Hamidi be ordered to notify the Court immediately if Jaramillo-Carrasco
27 refuses to voluntarily take prescribed anti-psychotic medication.
28    3. Dr. Hamidi issue a written report by June 25, 2009, concerning defendant's

1  medical treatment, side effects of that treatment and prognosis.

2      4. A status hearing be scheduled for June 29, 2009 at 1:30 p.m. in front of Magistrate
3  Judge Pyle.

4      Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within
5  ten days of being served with a copy of the Report and Recommendation.  If objections are
6  not timely filed, they may be deemed waived.  The parties are advised that any objections
7  filed are to be identified with the following case number: **cr-07-987-JMR**.

8      The Clerk of the Court shall send copies of this Report & Recommendation to parties'
9  counsel and Dr. Hamidi's counsel, Daniel Struck at Jones, Skelton & Hochuli, P.L.C., 2901
10 North Central Avenue, Suite 800, Phoenix, Arizona 85012.

11     DATED this 14th day of May, 2009.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 3 -